[Crim. No. 304.  Fourth Appellate District.—December 14, 1934.]

In the Matter of the Application of FRANK SALAS for a Writ of Habeas Corpus.

Harry Pransky and James M. Carter for Petitioner.

Earl Redwine, District Attorney, for Respondent.

BARNARD, P. J.—In this petition for a writ of *habeas corpus* it is alleged that Frank Salas was charged in a criminal proceeding in the Justice's Court of the City of Riverside with the crime of vagrancy; that "one count" of the complaint charged him with a violation of subdivision 1 of section 647 of the Penal Code; that "a second count" charged him with a violation of subdivision 5 of that section; that both violations were alleged to have been committed on one and the same day; that he was tried by a jury and found guilty of "the offenses charged in the two counts of vagrancy referred to"; that he was sentenced to

the term of six months in jail on each of said counts of vagrancy with the further order that said sentences should run consecutively, making the total sentences for the said offenses a period of twelve months' imprisonment; that he appealed to the Superior Court of Riverside County on various grounds including the insufficiency of the evidence; that the judgment and sentence were there affirmed; that he has served more than six months of said imprisonment; and that he is still confined in the county jail. It is further alleged that the said Frank Salas is unlawfully and illegally detained and confined for the reasons that subdivisions 1 and 5 of section 647 of the Penal Code are unconstitutional and that the justice's court in question exceeded its jurisdiction in that two separate sentences of six months each were imposed for the conviction of one and the same crime, to wit, vagrancy.

In his return, the respondent sheriff sets forth that he is holding the said Frank Salas by virtue of a commitment issued out of said justice's court and a modified judgment issued by the Superior Court of Riverside County, copies of both of said instruments being attached to the return. The commitment sets forth that a complaint had been filed charging the said Frank Salas with ''certain public offenses, to-wit: a misdemeanor, to-wit: violation of sections 647 and 650½'' of the Penal Code, committed on January 13, 1934, that a warrant had been issued, that he had been arrested and tried by a jury and found guilty as charged in the complaint, and orders and adjudges that the said Frank Salas is guilty of the crime of misdemeanor, to wit, violation of sections 647 and 650½ of the Penal Code and that he be imprisoned in the county jail for the term of six months on each of four named counts, the sentence as to counts 1, 2 and 3 to run consecutively, and as to count 4 to run concurrently therewith. The modified judgment, entered on appeal in the superior court, recites that the said Frank Salas had been duly convicted of the crime of a misdemeanor, to wit, violation of sections 647 and 650½ of the Penal Code on four separate counts, that he was sentenced to six months in the county jail on each count, the sentence on the first three to run consecutively and the fourth to run concurrently with the others, and that the matter had been presented upon appeal. It then orders the judgment

affirmed with respect to the matters charged in counts 1 and 2 of the complaint, and reversed in so far as counts 3 and 4 are concerned.

The main point attempted to be raised here is that a person guilty of doing two or more of the acts denounced by the various subdivisions of section 647 of the Penal Code on the same day has committed but one offense of vagrancy and that the punishment therefor may not exceed the maximum term of six months in jail. However interesting this point may be, we think it is not presented by the record here which discloses a conviction under two distinct sections of the code, and not under two subdivisions of the one section.

■ It may first be observed that we are here concerned only with what appears on the face of the commitments, not only because the evidence upon which the conviction is based is not before us, but because the matter of the insufficiency of the evidence may not be raised in this proceeding under the circumstances here appearing. (*In re Cutler*, 1 Cal. App. (2d) 273 [36 Pac. (2d) 441].) ■ The petitioner concedes this, but contends that the commitment under which he is held and the order modifying the judgment are void on their face in so far as they purport to provide for a sentence in excess of six months, the maximum sentence provided by section 647 of the Penal Code. In support of this contention it is argued that it clearly appears from the commitment that the petitioner was found guilty of a violation of section 647 only; that he was not found guilty of a violation of any other section; and that he was found guilty of one misdemeanor and no more. It is then argued that vagrancy constitutes but one crime even though a defendant has committed more than one of the acts thus defined, and that a double punishment here appears.

The petition herein omits all reference to section 650½ of the Penal Code, upon which the commitment and the modifying judgment are in part based. This section is also ignored in the argument made in petitioner's briefs, the only reference thereto being the following: "We have treated this commitment as though it omitted the statement concerning section 650½ of the Penal Code." We think the commitment and the order modifying the judgment may not be thus treated. The commitment recites that a complaint had

been filed charging the commission of "certain public offenses", enumerated as a violation of both sections 647 and 650½ of the Penal Code, and that the defendant was found guilty as charged in the complaint. It further sets forth that the court adjudged that the defendant was guilty of a violation of both of these sections and that he be imprisoned in the county jail for the term of six months on each of four counts which are designated by number. The two sections of the code cover different offenses, and it is perfectly apparent that the violation of both would constitute two offenses and not one and the same offense. The maximum punishment provided for a violation of each of these sections is six months.

It conclusively appears that the petitioner is in error in his contention that the commitment itself discloses that he was found guilty of a violation of section 647 only, and that he was not found guilty of violating any other section. ■ Furthermore, it in no way appears from the commitment, as changed by the modifying judgment of the superior court, that the separate sentences finally imposed were for the violation of two of the subdivisions of section 647. The order modifying the judgment affirmed the same as to two counts, and reversed it as to two others. What was charged in the respective counts nowhere appears, but all presumptions are in favor of the regularity of the order of the superior court and, if necessary, we must presume that counts 1 and 2, in which the judgment was affirmed, charged respectively a violation of section 647 and section 650½ of the Penal Code, especially since the affirming order sets forth specifically that the petitioner was convicted of a violation of both of these sections, and affirms the judgment as to two counts.

■ While the commitment states that the defendant was charged with and is adjudged guilty of "a misdemeanor", this is made more definite by the words which follow that statement and the plain meaning of the language used, taken in connection with its context, is that he was found guilty of a violation of each of the sections named, and, we think, the same is not rendered void by the use of the singular instead of the plural in the preceding general descriptive phrase used. It further appears that any technical defect in the commitment was cured by the order affirming

the judgment in so far as the first two counts are concerned, and by the further order directing the sheriff to keep and imprison the petitioner in the county jail "in accordance with the terms of said modified judgment". The order modifying the judgment, after reciting that the defendant had been convicted and sentenced to six months' imprisonment on each of counts 1, 2, 3 and 4, ordered the judgment affirmed "under counts No. 1 and 2 of the complaint".

The petition contains a purported copy of certain remarks made by the judge of the superior court when the appeal from the justice's court was under consideration. Not only is this not a part of the record but, if considered, the same contains nothing which could affect the situation in any way.

A further point raised is that subdivisions 1 and 5 of section 647 of the Penal Code are unconstitutional. There is nothing in the record before us to show that either of the offenses of which the petitioner was convicted was in any way connected with either of these subdivisions of said section.

For the reasons given, the writ is discharged and the petitioner is remanded.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 27, 1934.